UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.                                    Crim No. 13-0013-1(ABJ)

EZRA GRIFFITH
        Defendant.

**DEFENDANT'S MOTION TO SUPPRESS TANGIBLE EVIDENCE, REQUEST FOR HEARING AND
INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant moves this court to suppress all tangible evidence seized in this case as a result of the search warrant executed on January 7, 2013, at 2638 Birney Pl. SE, Apt. 302. Washington, DC.. In support of this request defendant states the following:

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO SUPPRESS TANGIBLE EVIDENCE
BACKGROUND**

Defendant is charged in a single count indictment with Possession of a firearm after conviction of a felony, the alleged offense occurring on January 7, 2013. The underlying arrest arose out of the execution of a search warrant on that date at 2638 Birney Pl. SE, Apt. 302. Washington, DC. The affidavit in support of the search warrant involves the investigation of a murder more than a year earlier, November 26, 2011 at 1261 Simms Pl. NE Washington, DC. The affidavit is a long detailed summary of the investigation. Videotapes from security cameras of the area show 2 shooters, one of whom is believed to be an associate of the defendant who is also a relative. There is

no claim the defendant is the other shooter. The shooters are driven away after the shooting in a car the police believe was likely owned by the defendant's mother and was frequently driven by the defendant. The affidavit makes clear the police suspect the defendant likely was the driver at the time of the shooting but the affidavit contains no claim that the prosecution has any direct evidence defendant was the driver. The affidavit claims that the defendant and decedent were both members of rival gangs who had an ongoing dispute. The affidavit recounts that police contacted the defendant's mother on September 7, 2012. They told her they are investigating the underlying shooting/murder and that they believe her car was used in connection with the shooting. Defendant was incarcerated on that day. According to the affidavit police reviewed four recorded calls defendant made on that day and there was discussion of the police inquiry in those calls.

Four months later the police developed evidence that the defendant was staying at his girlfriend's apartment on Birney Place SE, Washington, DC. No where in the affidavit is there an allegation that defendant ever used any electronic device to communicate with anyone except the jail telephone; nor that he ever used any social networking systems. No where in the affidavit is there any claim that the officers have any particularized knowledge that any cell phones, computers or networking devices are in the searched apartment nor that defendant ever used any of these devices to facilitate any criminal activity.

Nonetheless, after nine pages recounting the history of the investigation without any reference to anyone ever using of a computer, cell phone or social networking program the affiant states based on experience:

> "I know that gang/crew memebers involved in criminal activity maintain regular contact with each other, ever when they are arrested or incarcerated, and that they often sta advised and share intelligence about their activities through cell phones and other electronic communication devices and the internet, to include Facebook, Twitter and E Mail accounts... [t]here is probable cause to believe that secreted inside of 2638 Birney Place # 302, ... is evidence relating to the homicide ... . Your affiant respectfully requests ... seizure of all electornic devices to include but not limited to cellular telephones(s), computer(s), electronic ablet(s), devices capable of storing digital images (to include but not limited to PDAs, CDs, DVDs, jump/zip drives.)

## ARGUMENT

### The Evidence Must Be Suppressed Because The Warrant Is Not Supported By Probable Cause And No Good Faith Exception Applies.

The test for determining probable cause is whether the facts presented to a judicial officer establish a "substantial probability" that the items sought will be found at the target location. *Illinois v. Gates*, 462 U.S. 213 (1983). The determination of probable cause calls for a "practical commonsense" inquiry. Id. at 238. Probable cause is determined under a "totality of the circumstances" analysis. A judicial officer who is considering an application for a search warrant must decide "whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. Id. Evidence seized pursuant to a warrant lacking probable cause must be suppressed if exclusion of

the evidence "will further the purposes of the exclusionary rule." *United States v. Leon*, 468 U.S. 897, 918 (1984). When an affidavit is lacking in probable cause, evidence seized pursuant to the warrant may be admitted only where the "affidavit was made in good faith, the warrant issued by a detached and neutral magistrate and the warrant was reasonably relied on in good faith by the police officers." *United States v. Richardson*, 861 F.2d 291, 294 (D.C. Cir 1988) (citing *Leon*, 468 U.S. 897).

In this case, the affidavit is lacking in probable cause to believe that any contraband would be present. There is no allegation that the police had any evidence that this defendant had or used any of the purported items to be sought, that he ever used them in connection with any criminal endeavor nor that said devices were present in the premises to be searched. Under the standard applied in the instant case anytime the police have reason to identify anyone as a potential suspect, they would have probable cause to search any place that suspect may be staying for electronic devices because criminals communicate through electronic devices, even when the affidavit does not identify a single instance when the suspect has ever used any of those devices for a criminal purpose.

The warrant hinges on an affidavit that is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *See United States v. Edelen*, 529 A.2d 744, 786 (D.C. 1987). There is no substantial basis to believe that probable cause existed in this case.

On this record there is no support present for any nexus with regard to the address for which the search warrants were sought and any likelihood that those items

listed in the search warrant would be found in that particular location. There is nothing in affiant's statements which evidences a connection with the homicide and the at issue addresses. "A magistrate's determination of probable cause justifying the issuance of a warrant must be supported by an affidavit that discloses the underlying circumstances from which the affiant has concluded that his information is reliable, must contain a statement of the underlying circumstances which enable the magistrate independently to judge the validity of the affiant's conclusion that the things to be seized are where he says they are." *U.S. v. Bailey*, 438 F.2d 408 (9th Cir. 1972) citing *Aguilar v. Texas*, 378 U.S. 108 (1964).

Nor may the government find safe harbor in the *Leon* exception. Under that doctrine, the affidavit must be made in good faith, and the warrant reasonably must be relied upon in good faith by the executing officers. Here, the affiant was aware of the absence of any connection between the residence and the at issue evidence.

WHEREFORE, for the foregoing reasons, as well any other reasons that may arise at a hearing on this motion, defendant respectfully requests that the motion be granted.

Respectfully submitted,

Jonathan Zucker, #384629
1350 Connecticut Av. NW
Suite 201
Washington, DC 20036
(202) 624-0784
Counsel for Ezra Griffith

## CERTIFICATE OF SERVICE

I certify that on this 11th day of February, 2012, I caused the foregoing Motion to be served electronically on all parties using the CM/ECF system.

/s/
_____
Jonathan Zucker