UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 13-013 (ABJ)** |
| | : | |
| v. | : | |
| | : | |
| **EZRA GRIFFITH** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
### TO SUPPRESS TANGIBLE EVIDENCE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits the following response to defendants' motion to suppress tangible evidence. As grounds for this opposition, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing on the motion:

### SUMMARY OF FACTS

The defendant has been charged in a one-count indictment (a copy of which is enclosed as Exhibit A) with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).

On Monday, January 7, 2013, at approximately 7:10 a.m., a Superior Court for the District of Columbia search warrant (Warrant# 2013CRW006) was executed by members of the Metropolitan Police Department's ("MPD") Homicide Branch at 2638 Birney Place, S.E., Apt 302, Washington, D.C. MPD Sergeant Andrew Finkelman and other officers approached the front door and knocked and announced police, search warrant. After waiting 10 seconds or more, Sergeant

1

Finkelman knocked again and again waited for at least 10 seconds before a Ms. Sheree Lewis opened the door. When the officers entered the apartment, they immediately notified Ms. Lewis that they had a search warrant and began to yell again, "police search warrant." As Sergeant Finkelman and other officers entered the master bedroom of apartment 302, they observed the defendant Ezra Griffith standing at the rear of the bed wearing only his shorts. There was also a small female child in the room as well.

Moments later, an officer who was one of the outside containment officers and who has known the defendant for more than five years, came upstairs and notified the other officers that he had observed the defendant throw a handgun out of the apartment's bedroom window onto the public ground below. The firearm was determined to be a 9MM Glock, Model 26, bearing serial number #NKG233 with an extended 30 round magazine loaded into the well of the weapon. The magazine was loaded to its full capacity (30 rounds). The weapon was test fired and determined to be operable. Subsequently, the defendant was placed under arrest

## ARGUMENT

### Defendant's Motion to Suppress Tangible Evidence Should Be Denied

The defendant argues that the evidence seized pursuant to the search warrant should be suppressed, because the warrant is not supported by probable cause and no good faith exception applies. The defendant is mistaken and the firearm was abandoned.

### I. Defendant Abandoned the Firearm onto a Public Area

The defendant abandoned the firearm onto a public ground and therefore does not have any standing to challenge the seizure of the firearm. Defendant's request for a hearing misses the critical fact that defendant abandoned the gun prior to his arrest, and he therefore lacks the standing to object

to the subsequent recovery of the gun on the public ground and its use as evidence at trial. See United States v. Thomas, 864 F.2d 843, 845 (D.C. Cir. 1989) (citations omitted) (when a person voluntarily abandons property he forfeits any expectation of privacy and any Fourth Amendment interest he may have had). Simply put, defendant was not "seized" until after he tossed the gun. See California v. Hodari D., 499 U.S. 621 (1991) (a "seizure" within the meaning of the Fourth Amendment requires either that the police apply physical force against a defendant, or that defendant have submitted to a show of authority by the police); United States v. Washington, 12 F.3d 1128, 1132 (D.C. Cir. 1994) (same). Here, the officers were lawfully attempting to execute a valid search warrant and on his own accord, the defendant voluntarily threw the firearm out of the window. Thus, as defendant did not toss the gun as a result of physical force exerted by the police officers, the gun must be considered abandoned. See Washington, supra, 12 F.3d at 1132 (upholding district court's finding that police did not violate defendant's Fourth Amendment rights by seizing evidence from a car which defendant abandoned after fleeing from police in a car chase). Therefore, the defendant cannot seek to suppress the government's use of the firearms and ammunition evidence where they were recovered after being abandoned by defendant, and not as a result of a violation of defendant's constitutional rights.

**II. The Affidavit Established Probable Cause to Search the Premises.**

The search warrant approved by a D.C. Superior Court Judge in this case was supported by an affidavit (attached as Exhibit B) which clearly established probable cause to believe that evidence of a crime would be located in the apartment. When assessing probable cause for warrants, [t]he task of the issuing magistrate is simply to make a practical, common- sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of

knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[ing]" that probable cause existed. Illinois v. Gates, 462 U.S. 213, 238-39 (1983) (citing Jones v. United States, 362 U.S. 257, 271 (1960)). The issuing court's determination of probable cause "should be paid great deference by reviewing courts." Gates, 462 U.S. at 236 (citation omitted). Moreover, the reviewing court should recognize that affidavits for search warrants "must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleading have no proper place in this area." United States v. Ventresca, 380 U.S. 102, 108 (1965). Again, the Gates Court observed:

> [S]earch and arrest warrants long have been issued by persons who are neither lawyers nor judges, and who certainly do not remain abreast of each judicial refinement of the nature of "probable cause". . . . [M]any warrants are - quite properly - issued on the basis of non-technical, common-sense judgments of laymen applying a standard less demanding than those used in more formal legal proceedings.

Gates, 462 U.S. at 235-36 (citations omitted).

The critical inquiry, then, according to Gates, is whether under a "totality of circumstances," the facts contained in the affidavit establish a "substantial probability" that the items sought will be found on the premises to be searched. Applying these standards, it is clear that the information contained in the affidavit in this case was sufficient to establish probable cause for the warrant.

In this case, the information outlined in the detailed affidavit support the detectives belief that the defendant was involved in at a minimum in the death of another and the shooting of another

4

person based on the witnesses interviews and the jail calls reviewed by the detectives, which all supported a probable cause finding by the Court.

### III. Officers Acted in Reasonable Reliance on Warrant's Validity.

Because the search warrant in this case is amply supported by probable cause, defendant's discussion of the "good faith" exception in United States v. Leon, 468 U.S. 897 (1984) seems misplaced. Where the warrant describes with particularity the place to be searched and the items to be seized and where there is no evidence of any misconduct on the part of the officers applying for the search warrant or in executing the search warrant, courts in this District will apply the Leon good faith exception. United States v. Singh, 973 F. Supp. 7, 13 (D.D.C. 1997); United States v. Pelham, 749 F. Supp. 304, 309 n.6 (D.D.C. 1990). Assuming arguendo that the warrant lacked probable cause, suppression of the evidence is not an appropriate remedy if the officers conducting the search acted in "objectively reasonable reliance" on the warrant's validity. United States v. Leon, 468 U.S. at 922. Ordinarily, the existence of a warrant is sufficient to establish that the officers acted in good faith in conducting the search. Id. United States v. Salamanca, 990 F.2d 629, 634 (D.C. Cir.) (citing Leon) ("even if [warrant] affidavit did not sufficiently establish a finding of probable cause, the executing officers justifiably relied in good faith on the magistrate's determination that probable cause existed"), cert. denied, 510 U.S. 928 (1993); United States v. Maxwell, 920 F.2d 1028, 1034 (D.C. Cir. 1990) (same) (evidence not suppressed, even where warrant was fatally overbroad, because "the agents in this case reasonable relied on the warrant in good faith."); United States v. Thornton, 746 F.2d 39, 51 (D.C. Cir. 1984) (quoting Leon) ("we need not reach the questions of probable cause [of the warrant] . . . 'reliable physical evidence seized by officers reasonably relying on a warrant issued by a detached and neutral magistrate). Suppression in such a case is appropriate

only if "the magistrate abandoned his detached and neutral role" in assessing the affidavit or if "the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." Id. at 923.

A reading of the warrant affidavit shows that the Judge clearly had available sufficient facts to support a probable cause finding that the defendant was involved in criminal conduct. Moreover, the officers who executed the search warrant relied in good faith upon the Judge's probable cause finding. Accordingly, the officers' reliance on the issuing court's probable cause determination clearly was objectively reasonable.

### **CONCLUSION**

WHEREFORE, for all of the foregoing reasons, the United States respectfully requests that the Defendants' Motion to Suppress Tangible Evidence be DENIED.

Respectfully submitted,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY

BY:  /s/
EMORY V. COLE
Assistant United States Attorneys
555 Fourth Street, N.W.
Washington, D.C. 20001
(202) 252-7692
Emory.Cole@usdoj.gov